Filed 10/18/21  P. v. Korm CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| THE PEOPLE, | C092766 |
|---|---|
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRFE20110005116 , SF116876C ) |
| v. | |
| RON KORM, | |
| Defendant and Appellant. | |

In 2010 defendant, when he was 16 years old, and two accomplices, beat and killed Rin Ros.  Defendant pled guilty to voluntary manslaughter and street terrorism.  He also admitted the manslaughter was committed for the benefit of a gang and caused great bodily injury.  On January 14, 2013, the trial court sentenced defendant pursuant to the plea to a term of 19 years eight months.

On August 17, 2020, defendant filed a "Petition for Resentencing under Senate Bill 1391."  The trial court denied the motion on August 26, stating "[t]his case is final."  Defendant appealed without obtaining a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the

1

date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a postconviction petition is an open question.  Our Supreme Court has not spoken on that issue, although the issue is currently pending before it.  (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305.)  In *Figueras*, we described the *Anders*/*Wende* procedure we believed applicable to appeals from postconviction petitions:  " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' "  (*People v. Figueras* (2021) 61 Cal.App.5th 108, 112-113, review granted May 12, 2021, S267870.)

We consider defendant's appeal abandoned and order the appeal dismissed because he has not filed a supplemental brief for his appeal from the denial of a postconviction petition.

DISPOSITION

The appeal is dismissed.

/s/_____
Robie,  J.

We concur:

/s/_____
Raye, P. J.

/s/_____
Hoch, J.

2